UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-23527-CIV-WILLIAMS

RICHARD M. BUSH, individually and on behalf of all others similarly situated,

Plaintiff,

v.

BLINK CHARGING COMPANY et al.,

Defendants.

**JOINT MOTION FOR SCHEDULE TO FILE AN
AMENDED COMPLAINT AND TO CONSOLIDATE ACTIONS**

Plaintiff Richard Bush and Defendants Blink Charging Company, Michael D. Farkas, and Michael P. Rama jointly move this Court for an Order that: (i) adopts the parties' proposed schedule for the filing of a consolidated and/or amended complaint; and (ii) consolidates a substantially-similar, later-filed action with this action.

1. On August 24, 2020, Plaintiff filed a complaint in this action, *see* ECF No. 1, asserting putative class action claims against each of the Defendants for alleged violations of the federal securities laws. This action is therefore subject to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (the "PSLRA").

2. Defendants have been served or have waived service.

3. The PSLRA provides for the Court's appointment of a lead plaintiff based on competing applications filed no later than sixty days after the publication of notice of the filing of an initial securities class action. *See* 15 U.S.C. § 78u-4(a)(3). In accordance with the PSLRA, Plaintiff's counsel published such notice on the date of filing of the Complaint. Consequently, motions for the appointment as lead plaintiff and for approval of the lead plaintiff's selection of lead counsel are due by October 23, 2020. If competing lead plaintiff applications are filed, a briefing schedule concerning the lead plaintiff

1

process is likely to follow.

4. On September 1, 2020, a substantially similar class action was filed against the same Defendants. *See Vittoria v. Blink Charging Co. et al.*, Case No. 1:20-cv-23643 (the "*Vittoria* Action"). That case was assigned to District Judge Scola, but was subsequently transferred to this Court pursuant to IOP 2.15.00 on September 21, 2020. *See* ECF No. 6.

5. The PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, the *Vittoria* Action should be consolidated with this action because both lawsuits assert identical claims against identical defendants on behalf of an identical class of investors that purchased Blink Charging securities during the same Class Period. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) ("Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay."). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Johnson*, 899 F.2d at 1284. Because the *Vittoria* Action and this action arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to both actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See, e.g.*, *In re Sunbeam Sec. Litig.*, No. 98-8258-CIV, 1998 WL 1990884, at *2 (S.D. Fla. Dec. 4, 1998) ("Consolidation of related complex actions, and securities cases in particular, is commonplace and an effective use of judicial resources.").

6. As soon as practicable after consolidating related actions, the PSLRA requires courts to "appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

7. In actions subject to the PSLRA, the court-appointed lead plaintiff customarily will either file an amended complaint or designate as the operative complaint a complaint that already has been filed at the time of the lead plaintiff's appointment.

8. In the interests of judicial economy and preserving the resources of the parties and the

Court, the parties respectfully submit the following unopposed schedule to the Court for its consideration:

   a. Defendants need not answer, move or otherwise respond to the currently filed complaint.

   b. Within ten days after entry of an Order appointing a lead plaintiff and approving lead plaintiff's selection of counsel, the lead plaintiff's counsel shall confer with Defendants' counsel and submit to the Court a proposed schedule for: (i) filing a consolidated and/or amended complaint, or to notify Defendants in writing that the lead plaintiff intends to rely on the initial complaint; and (ii) for a briefing schedule on Defendants' motion to dismiss.

WHEREFORE, the parties respectfully request that the Court grant their joint motion and enter an order approving the proposed schedule and consolidating the *Vittoria* Action.

Dated: September 30, 2020

*/s/* Stephen P. Warren
Tracy A. Nichols (FBN 454567)
tracy.nichols@hklaw.com
Stephen P. Warren (FBN 788171)
stephen.warren@hklaw.com
**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Tel: (305) 374-8500
Fax: (305) 789-7799

*Counsel for Defendants Blink Charging Company, Michael D. Farkas, and Michael P. Rama*

Respectfully submitted,

*/s/* Cullin A. O'Brien
Cullin A. O'Brien (FL Bar No. 0597341)
**CULLIN O'BRIEN LAW, P.A.**
6541 NE 21st Way
Fort Lauderdale, FL 33308
(561) 676-6370 (phone)
(561) 320-0285 (fax)
cullin@cullinobrienlaw.com

*Local Counsel for Plaintiff*

Jeffrey C. Block (*pro hac vice* forthcoming)
Jacob A. Walker (*pro hac vice* forthcoming)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 (phone)
(617) 507-6020 (fax)
jeff@blockleviton.com

jake@blockleviton.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 30, 2020, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/Stephen P. Warren
Stephen P. Warren