**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Lead Case No. 20-cv-23527-KMW**

RICHARD M. BUSH, individually and on
behalf of all others similarly situated,

                      Plaintiff,

        v.

BLINK CHARGING COMPANY,
MICHAEL D. FARKAS, and MICHAEL P.
RAMA,

                 Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ALEXANDER YU AND H. MARC JOSEPH FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

- 1 -

## I. PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action lawsuit brought on behalf of investors who purchased or otherwise acquired Blink Charging Company ("Blink" or the "Company") securities seeking to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5 against the Company and certain of its senior executives. The above-captioned case is brought on behalf of investors (the "Class") who purchased or otherwise acquired Blink securities between March 6, 2020, and August 19, 2020, inclusive (the "Class Period").

Specifically, the action alleges that between March 6, 2020, and August 19, 2020, Blink and its senior management misrepresented and concealed that (1) many of Blink's electric vehicle ("EV") charging stations were damaged, neglected, non-functional, inaccessible, or non-accessible; (2) Blink's purported partnerships and expansions with other companies were overstated; and (3) the purported growth of Blink's EV charging network was overstated. Blink investors, including Movants, incurred significant losses on August 19, 2020, when investigative investment research firm, Culper Research, accused Blink of overstating its EV network in order to commit fraud and siphon money from investors. Another research firm, Mariner Research Group, made similar findings.

Proposed lead plaintiffs Alexander Yu ("Yu") and H. Marc Joseph ("Joseph") (collectively, "Movants") hereby move this Court for an order: (i) appointing Movants as Lead Plaintiff, and (ii) approving Movant's selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") to serve as Lead Counsel.

010952-11/1362483 V2

This motion is made on the grounds that Movants are the most adequate plaintiff, as defined by the PSLRA. The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, the most adequate plaintiff is the movant who has the "largest financial interest" in the relief sought by the Class in this litigation and that also makes a *prima facie* showing that the Movant is a typical and adequate class representative under Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Movants are the "most adequate plaintiff" by virtue of, among other things, their collective losses of $103,583.08 incurred on purchases of Blink securities during the Class Period.

In addition to asserting the largest financial interest, Movants readily satisfy the relevant requirements of Rule 23 because Movants' claims are typical of those of all members of the Class and Movants will fairly and adequately represent the interests of the Class. In fact, Movants are the ideal Lead Plaintiff under the PSLRA because Movants are sophisticated investors with a substantial financial interest in the litigation. In addition, as set forth in greater detail in their Joint Declaration submitted herewith, Movants fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are committed to fulfilling those responsibilities to guarantee zealous prosecution of this action.

Movants have further demonstrated their adequacy through their selection of Hagens Berman as Lead Counsel for the Class. Hagens Berman has an established track record of achieving substantial recoveries for the benefit of investors and is qualified to prosecute this action.

Based on Movants' financial interest in the outcome of this action, Movants' commitment to act in the best interests of the Class to maximize the recovery in this case, and

- 3 -

Movants' ability to oversee counsel, Movants respectfully request that the Court appoint Movants as Lead Plaintiff and otherwise grant Movants' Motion.

## II.      FACTUAL BACKGROUND

Blink is a Miami, Florida-based company that operates electrical vehicle charging stations at various locations throughout the United States. According to its most recent Annual Report filed on Form 10-K with the SEC, Blink purports to be "a leading owner, operator, and provider of EV charging equipment and networked charging services. Blink offers both residential and commercial EV charging equipment, enabling EV drivers to easily recharge at various location types."

The Complaint in this action[1] alleges that, during the Class Period, Blink and its senior management misrepresented and concealed the inadequacies and poor functionality of Blink's EV charging stations; and overstated the partnerships, expansions, and growth that Blink was experiencing. Compl. at ¶ 11. At all relevant times, investors were unaware of the true nature of Blink's EV operations and overstatements.

On August 19, 2020, investors began to learn the truth. Culper Research published a report accusing Blink of, among other things, "vastly exaggerat[ing] the size of its EV charging network in order to siphon money from the pockets of investors to insiders." *Id.* at ¶ 4. Culper Research estimated that just 15% of Blink's claimed 15,000 charging stations are functional, *id.* at ¶¶ 4, 44, and observed that, since 2014, Blink's compensation expense of $44 million is more than double its $18 million in cumulative revenues.[2] Culper Research noted: "Our on the ground

---

[1] ECF No. 1.

[2] Culper Report at pg. 2, https://img1.wsimg.com/blobby/go/cc91fda7-4669-4d1b-81ce-a0b8d77f25ab/downloads/Culper_BLNK_8-19- 2020.pdf?ver=1597843273545 (last visited October 23, 2020).

010952-11/1362483 V2

visits to 242 stations at 88 locations across the U.S. revealed a plethora of neglected, abused, non-functional, or otherwise missing chargers."[3]

That same day, Mariner Research Group published another report that was highly critical of Blink. *Id.* at ¶ 8. Among other things, Mariner Research Group questions whether Blink's CEO, Defendant Michael Farkas, had ties to alleged "pump and dumpers" and penny stock dealers, and concludes, in part, that "[w]e believe that the management team and underlying asset base are a significant cause for concern."[4]

As a result of these reports, Blink's common share stock price fell from its August 18, 2020, close of $10.23 per share to an August 20, 2020, close of $7.94 per share, which represents a sharp two day drop of $2.29 or an approximate 22.4% loss in value.

### III.    LEGAL ARGUMENT

**A.     Movants are the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff.**

#### 1.      The Procedure Required by the PSLRA.

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *Newman v. Eagle Building Technologies*, 209 F.R.D. 499, 502 (S.D. Fla. 2002).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff here caused the first notice regarding the

---

[3] Culper Report, at pg. 2; *see also* Compl. at ¶ 5.

[4] Mariner Report, https://marinerresearchgroup.com/2020/08/19/dont-get-charged-up-on-blnk-questionable-origin-story-managementhistory-and-product-issues-portend-potential-90-downside/ (last visited on October 23, 2020).

pendency of the Action to be published on *GlobeNewswire*, a national, business-oriented newswire service, on August 24, 2020. *See* Buckner Decl., Ex. C.[5] Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under [the Securities Act] is the person or group of persons that –
>
> (aa)    has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Newman v. Eagle Building Technologies*, 209 F.R.D. 499, 502 (S.D. Fla. 2002) (describing PSLRA standards for appointment of lead plaintiff).

---

[5]    References to the "Buckner Decl., Ex. 1" are to the exhibits attached to the Declaration of David M. Buckner, submitted herewith.

- 6 -

  **2.**  **Movants Satisfy the "Lead Plaintiff" Requirements of the PSLRA.**

  **a.**  **Movants Have Timely Filed a Lead Plaintiff Motion.**

According to the published notice, the time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on October 23, 2020. *See* 15 U.S.C. § 78u-4(a)(3)(A) & (B). Pursuant to the provisions of the PSLRA, and within the requisite timeframe after publication of the required notice (published on August 24, 2020), Movants timely move this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Movants have duly signed certifications stating that each member is willing to serve as the representative party on behalf of the class. *See* Buckner Decl. Ex. A. In addition, Movants have submitted a Joint Declaration attesting that they have conferred about the motion, understand their responsibilities as Lead Plaintiff, and wish to pursue this motion jointly for the benefit of the class. *See* Buckner Decl. Ex. D. Finally, Movants have selected and retained competent counsel to represent them and the class. Accordingly, Movants are entitled to have their application for appointment as Lead Plaintiff considered and approved by the Court.

  **b.**  **Movants Have the Largest Financial Interest in the Relief Sought by the Class.**

During the Class Period, as evidenced by, among other things, the accompanying signed Certification and loss charts, *see* Buckner Decl. Exs. A, B, Movants incurred combined losses of approximately $103,583.08 on Class Period transactions in Blink securities in reliance upon the materially false and misleading statements issued by defendants. Upon information and belief, no other investor possesses a larger financial interest in this action. Accordingly, Movant satisfies the PSLRA's prerequisite of having a significant financial interest in the Action, and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

010952-11/1362483 V2

### c.      Movants Otherwise Satisfies Rule 23.

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative, rather than the class as a whole. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Mulvaney v. Geo Grp., Inc.,* 2016 WL 10519276, at *2 (S.D. Fla. Nov. 21, 2016) ("[A]t the lead plaintiff selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate."); *Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV, 2008 WL 2465286, at *6 (S.D. Fla. Apr. 18, 2008); *see Newman*, 209 F.R.D. at 502. Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying Movants appointment as Lead Plaintiff in this action.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality is satisfied when the representative party's claims share "the same essential characteristics as the claims of the class at large." *Miller*, 2008 WL 2465286, at *6; *see Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1278-79 n.14 (11th Cir. 2000); *see*

010952-11/1362483 V2

*also Sheet Metal Workers Local 28 Pension Fund v. Office Depot, Inc.*, No. 07-81038-CIV, 2008 WL 1943955, at *2 (S.D. Fla. May 2, 2008) ("With regard to typicality, the proposed Lead Plaintiff should have suffered the same injuries as the absent class members as a result of the same course of conduct by the defendants and maintain claims based on the same legal issues as the absent class members.") (citation omitted); *see also Edward J. Goodman Life Income Tr. v. Jabil Cir., Inc.*, 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007) (typicality satisfied where members of proposed lead plaintiff group "purchased Jabil shares during the class period in reliance on allegedly false and misleading statements issued by Defendants and suffered financial losses allegedly due to Defendants' conduct."). "[T]ypicality [does not] require that all putative class members share identical claims, and [it] may be satisfied even if some factual differences exist between the claims of the named representatives and the claims of the class at large." *In re MIVA, Inc. Sec. Litig.*, No. 2:05-cv-201-FTM-29DNF, 2008 WL 681755, at *3 (M.D. Fla. Mar. 12, 2008).

Movants satisfy this requirement because, just like all other class members, it: (a) purchased or otherwise acquired Blink securities during the Class Period; (b) was adversely affected by defendants' false and misleading statements; and (c) suffered damages by the conduct set forth in the Complaint. Thus, Movants' claims are typical of those of other class members because Movants' claims and the claims of other class members arise out of the same course of events and same legal theories.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." In order for the Class's interests to be fairly and adequately represented, a Lead Plaintiff must demonstrate that: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic

- 9 -

to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Luczak v. Nat'l Beverage Corp.*, 2018 WL 9847842, at \*2 (S.D. Fla. Oct. 12, 2018) (quoting *Miller v. Dyadic Int'l, Inc.*, 2008 WL 2465286, at \*6 (S.D. Fla. Apr. 18, 2008).

Here, Movants satisfy these requirements. As evidenced by the injuries suffered by Movants in purchasing Blink securities at prices allegedly artificially inflated by defendants' materially false and misleading statements, and by the injury the group suffered based on materially false and misleading statements, the interests of Movants are clearly aligned with the interests of the Class. Movants are not aware of any conflicts between them and the putative class members.

In addition, Movants have evidenced their willingness and ability to serve as lead plaintiff in this case as well as the ability to work together to control the litigation. *See* Buckner Decl., Ex. D. Movants respectfully submit herewith a Joint Declaration in support of Movant's lead plaintiff motion executed after a joint conference call held between the Movants, in order to discuss, among other things, proposed litigation strategy, protocols to ensure efficient communication, and Movants' commitment to oversee Lead Counsel and this litigation. Buckner Decl., Ex. D.

The Joint Declaration submitted by Movants demonstrates that the group is comprised of sophisticated investors who are extremely capable of representing the Class. Yu has over 10 years of investing experience and is the owner and operator of a grocery store in Compton, California. *See* Buckner Decl., Ex. D at ¶ 4. Joseph has more than 10 years of investing experience and serves as general counsel for a Phoenix-based company owned and operated by a family. Joseph holds a law degree and a Master of Law degree in taxation. *Id.* at ¶ 5.

- 10 -

010952-11/1362483 V2

Finally, Movants have taken significant steps, which demonstrate that they will protect the interests of the class: Movants have retained competent and experienced counsel to prosecute these claims. As shown below, Movants' proposed Lead Counsel are highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, Movants *prima facie* satisfy each of the PSLRA's requirements and should be appointed Lead Plaintiff.

**B.      The Court May Properly Appoint Movants Together as a Group.**

As demonstrated above and in their Joint Declaration, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby warranting their appointment as Lead Plaintiff as a group.  *Newman v. Eagle Building Technologies*, 209 F.R.D. 499, 503-04 (S.D. Fla. 2002) (holding that the PSLRA allows for a group of persons or entities to serve as lead plaintiff); *Carvelli v. Ocwen Financial Corp.*, 2017 WL 11068524 (S.D. Fla. 2017) (affirming same); *In re 21st Century Holding Co Sec. Litig.*, 2007 WL 9220955 (S.D. Fla. 2007) ("When moving for lead plaintiff, aggregation of individual losses to form a small group is acceptable and 'derives from the language of the PSLRA which states that the most adequate plaintiff is the 'person or group of persons.''… '[T]here is no requirement contained in the PSLRA that the group of persons serving as lead plaintiff have a relationship among themselves. Instead, the PSLRA focuses on whether the person or group that is the proposed lead plaintiff can fairly and adequately serve as lead plaintiff.'") (internal citations omitted).

Here, the Joint Declaration submitted by Movants in support of their motion describes how each member has significant investment, educational background, and/or work experience, and how each suffered substantial losses from their investment in Blink.[6]  Movants' Joint

---

[6] *See* Buckner Decl. Ex. D.

- 11 -

Declaration explains how and why each member made the decision jointly to seek appointment as lead plaintiff. Essentially, they concluded that it made sense to combine their collective decision-making and resources to ensure that the best interests of the class are protected.[7]  In addition, each emphasized their commitment to working together and cohesively in the best interests of the class, and overseeing class counsel, and developed a decision-making structure.[8]

Alternatively, if the Court determines that a single plaintiff would be more appropriate in this action, each member of the group hereby moves to be appointed individually.

**C.      The Court Should Approve Movants' Choice of Counsel.**

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). In this regard, Movant has selected Hagens Berman, a firm with substantial experience in the prosecution of shareholder and securities class actions, to serve as Lead Counsel, and Buckner + Miles, also an experienced firm in that area, and one known to this Court, as Liaison Counsel. *See* the respective firm resumes, Buckner Decl., Exs. E and F.

As such, the Court may be assured that, in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available from Hagens Berman.  Because Movants' selection of Hagens Berman is reasonable, Movants' motion should be granted.

## IV.      CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court: (a) appoint Movants as Lead Plaintiff in this action; (b) approve Movants' selection of Lead and Liaison

---

[7] *See id.* at ¶ 10.

[8] *Id.*

010952-11/1362483 V2

Counsel as set forth herein; and (c) grant such other relief as the Court may deem just and proper.

Dated: October 23, 2020                    Respectfully submitted,


By: s// David M. Buckner
    David M. Buckner (60550)

BUCKNER + MILES
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
Facsimile: (786) 523-0485
Email: david@bucknermiles.com

Reed R. Kathrein (262161)
Lucas E. Gilmore (*pro hac vice* forthcoming)
Wesley A. Wong (*pro hac vice* forthcoming)
HAGENS BERMAN SOBOL SHAPIRO LLP
533 F Street, Suite 207
San Diego, CA  92101
Telephone: (619) 929-3340
Facsimile:  (619) 929-3337
Email:  reed@hbsslaw.com
Email:  lucasg@hbsslaw.com
Email:  wesleyw@hbsslaw.com

Steve W. Berman (*pro hac vice* forthcoming)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*

010952-11/1362483 V2