UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-23527-Civ-WILLIAMS/TORRES

RICHARD M. BUSH, Individually and
On Behalf of All Others Similarly Situated,

Plaintiff,

v.

BLINK CHARGING COMPANY,
MICHAEL D. FARKAS, and
MICHAEL P. RAMA,

Defendants.

**DEFENDANTS' RESPONSE IN OPPOSITION TO
LEAD PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**

Defendants Blink Charging Company ("Blink"), Michael D. Farkas, and Michael P. Rama

("Defendants") oppose Lead Plaintiffs' Request for Judicial Notice (the "Request") and ask the

Court to deny the Request.  In support, Defendants state:

1.      In February 2021, Lead Plaintiffs filed a Consolidated Amended Complaint for

Violation of the Federal Securities Laws (the "Complaint") asserting claims against Defendants

under Section 10(b) and Section 20(a) of the Securities Exchange Act of 1934.  Defendants filed

a motion to dismiss.  *See* ECF Nos. 40 & 47.

2.      On August 9, 2023, Blink filed a Form 10-Q for the quarterly period ended June

30, 2023 (the "10-Q"), in which it announced that it had received a subpoena from the Securities

and Exchange Commission ("SEC") related to "various subjects, including executive departures,

related-party transactions, number of EV charging stations, and other discrete disclosure matters."

Blink further explained that it is cooperating with the SEC and responding to the subpoena.  ECF

No. 61, Ex. A at 29.

3.       On September 19, 2023, Lead Plaintiffs filed the Request, asking the Court to take judicial notice of Blink's 10-Q for the purpose of "ruling on Defendants' pending motion to dismiss." ECF No. 61.  Lead Plaintiffs assert that the 10-Q "bears on issues raised in Defendants' motion to dismiss, including the elements of falsity, materiality, and scienter." *Id.*

4.       Defendants object to the Request.

5.       First, a court considering a Rule 12(b)(6) motion to dismiss is limited to the facts contained in the complaint and attached exhibits, unless other documents are referenced in the complaint which are central to the claims. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  Under the Federal Rules of Evidence, a court may take judicial notice of facts that are not subject to reasonable dispute because they are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (citing Fed. R. Evid. 201(b)).

6.       In the Eleventh Circuit,  a district court may, in connection with a pending motion to dismiss, take judicial notice of documents filed with the SEC for the purpose of determining what statements the documents contain.  A district court may not, however, consider SEC filings for the truth of the matters asserted within them.  *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("The documents may only be considered to show their contents, not to prove the truth of the matters asserted therein"); *Bryant v. Avado Brands*, 187 F.3d 1271, 1278 n.10 (11th Cir. 1999).

7.       Lead Plaintiffs' Request is improper because they are asking the Court to consider the 10-Q to bolster the Complaint's allegations relating to "falsity, materiality, and scienter." ECF No. 61.  This is not what *Bryant* or its progeny permit.  In those cases, the courts took judicial notice of SEC filings that were referenced in the plaintiff's complaint for the fact that the

2

documents contained those statements, not for their truth. *Bryant,* 187 F.3d at 1278; *Land Trust Serv. Corp. for Trust 1009CB v. MortgageIt, Inc.*, 2014 WL 12605138, at *3 (S.D. Fla. Dec. 29, 2014) ("*Bryant* only established that a court may examine an SEC filing 'for the purpose of determining what statements the documents contain,' and it does not hold that a court may consider such documents for the truth of the matters asserted within the documents.").

8.      Here, Lead Plaintiffs are not asking the Court simply to notice that the 10-Q contains Blink's statement that the SEC is investigating, but to consider the statement for its truth and to infer that Defendants did something wrong.  Blink's announcement does not, however, equate to an admission of wrongdoing because the mere existence of an SEC investigation does not reveal anything about scienter, falsity, or materiality. *See Brophy v. Jiangbo Pharms, Inc.,* 781 F.3d 1296, 1304 (11th Cir. 2015) (affirming dismissal of complaint and finding "mere existence of an SEC investigation" does not establish scienter).  As the Eleventh Circuit Court of Appeals has explained, "[t]he announcement of an [SEC] investigation reveals just that—an investigation—and nothing more." *Meyer v. Greene,* 710 F.3d 1189, 1201 (11th Cir. 2013).

9.      Second, the Request should be denied because the statements in the 10-Q were made years after the Complaint was filed.  The Complaint was filed in February 2021.  The purported class period is March 6, 2020 to August 19, 2020.  ECF No. 40.  The 10-Q was not filed—and the events described in the 10-Q (Blink's receipt of an SEC subpoena in July 2023) did not happen—until 2.5 years after the Complaint was filed and three years after the end of the purported class period.  Lead Plaintiffs should not be permitted to use the 10-Q, which post-dates the Complaint, to try to bolster or amend their claims.

10.      In *City of Los Angeles v. Bankrate, Inc.*, the court refused to take judicial notice of SEC filings issued after the complaint was filed.  The court held that "a court should not consider public records dated after a complaint is filed and submitted by a plaintiff in an attempt to bolster

or amend a complaint." 2015 WL 11438106, at *4 (S.D. Fla. Nov. 23, 2015).

11.     Accordingly, Lead Plaintiffs' Request should be denied.  "It is difficult to understand how documents not referenced in a complaint and on which the allegations … do not necessarily rely can be relevant to the Court's determination."  *In re Talis Biomedical Corp. Sec. Litig.*, 2022 WL 17551984, at *11 (N.D. Cal. Dec. 9, 2022) (denying request for judicial notice of SEC filings post-dating complaint); *Bankrate*, 2015 WL 11438106, at *4 (same); *see also Turnofsky v. electroCore, Inc.,* 2021 WL 3570957, at *3 (D.N.J. Aug. 13, 2021) (denying request for judicial notice of SEC filings that post-date class period and were not referenced or relied upon in complaint as having "minimal relevance" to motion to dismiss); *Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1350 (C.D. Cal. 2014) ("Plaintiffs cannot utilize [SEC filings] to amend the complaint and defeat defendants' motions to dismiss").

WHEREFORE, Defendants respectfully request that the Court deny Lead Plaintiffs' Request for Judicial Notice.

Dated: September 21, 2023.                      Respectfully submitted,

**HOLLAND & KNIGHT LLP**

*/s/ Tracy A. Nichols*
Tracy A. Nichols (FBN 454567)
Stephen P. Warren (FBN 788171)
Allison Kernisky (FBN 41160)
701 Brickell Avenue, Suite 3300
Miami, FL  33131
Telephone: (305) 374-8500
Facsimile:  (305) 789-7799
tracy.nichols@hklaw.com
stephen.warren@hklaw.com
allison.kernisky@hklaw.com

*Counsel for Defendants Blink Charging Co.,
Michael D. Farkas and Michael P. Rama*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 21, 2023, I electronically filed the foregoing document with the clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Tracy A. Nichols*
Tracy A. Nichols
