# EXHIBIT 1

**Exhibit 1**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

No. 20-23527-civ-WILLIAMS/TORRES

RICHARD M. BUSH, Individually and
On Behalf of All Others Similarly Situated,

      Plaintiff,

v.

BLINK CHARGING COMPANY, MICHAEL
D. FARKAS, and MICHAEL P. RAMA,

      Defendants.

_____/

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement, dated as of June 28, 2024 (the "Stipulation") is entered into between (a) Lead Plaintiffs Tianyou Wu, Alexander Yu, and H. Marc Joseph (collectively, "Plaintiffs), on behalf of themselves and the Settlement Class (defined below); and (b) Blink Charging Co. ("Blink" or the "Company), Michael D. Farkas, and Michael P. Rama (the "Individual Defendants", and together with Blink, the "Defendants"; and together with Plaintiffs, the "Parties"). This Stipulation embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

WHEREAS:

A.      Beginning on August 24, 2020, two class action complaints were filed in the United States District Court for the Southern District of Florida (the "Court"), styled *Bush v. Blink Charging Co. et al.*, No. 1:20-cv-23527 and *Vittoria v. Blink Charging Co., et al.*, No. 20-cv-2364.

B.      By Order dated September 30, 2020, the cases were consolidated. ECF No. 14.

C.      By Order dated December 21, 2020 the Court appointed Tianyou Wu, Alexander Yu, and H. Marc Joseph as Co-Lead Plaintiffs for the consolidated action, and Pomerantz LLP and Hagens Berman Sobol Shapiro LLP as Co-Lead Counsel. ECF No. 29.

D.      On February 19, 2021, Plaintiffs filed their Consolidated Amended Complaint for Violation of the Federal Securities Laws (the "Complaint"). ECF No. 40. The Complaint asserted claims against Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a). Among other things, the Complaint alleged Defendants (i) made or caused to be made a series of materially false and/or misleading statements about the size and functionality of Blink's electric vehicle charging station network (the "Blink Network"); (ii) these material misstatements and/or omissions created an unrealistically positive assessment of Blink and its business, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company shares; and (iii) Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiffs and other members of the Class purchasing the Company's securities at such artificially inflated prices.

E.      On April 20, 2021, Defendants filed their motion to dismiss the Complaint, arguing among other things, that (i) the Complaint failed to adequately allege that the representations about

2

Blink's Network were false or misleading, (ii) Plaintiffs failed to plead particularized facts giving rise to the requisite inference of scienter; and (iii) Plaintiffs failed to adequately plead loss causation. ECF No. 47. On June 21, 2021, Plaintiffs filed their papers in opposition to the motion to dismiss. ECF No. 48. On July 21, 2021, Defendants filed their reply papers. ECF No. 54.

F.       Briefing concluded on Defendants' motion to dismiss on July 21, 2021 (ECF No. 54), and the Court held oral argument on April 7, 2022 (ECF No. 57). On November 27, 2023, the Court granted in part, and denied in part, Defendants' motion to dismiss the Complaint. *See Bush v. Blink Charging Co.*, 2023 WL 8263037 (S.D. Fla. Nov. 27, 2023). While the Court dismissed Plaintiffs' allegations that Defendants materially misrepresented the size of the Blink Network, the Court held that Plaintiffs adequately alleged that Defendants made materially false and misleading statements regarding the functionality of Blink's Network. *Id.* at *6-8.

G.       After the Court's order, the parties exchanged Rule 26 initial disclosures, and Plaintiffs served a set of document requests on Defendants.  Defendants provided written responses to the document requests and produced documents in response to the requests.

H.       On April 3, 2024, Lead Counsel and Defendants' counsel, participated in a full-day virtual mediation session before Jed Melnick, Esq. In advance of that session, the Parties exchanged, and provided to Mr. Melnick, detailed mediation statements and exhibits, which addressed the issues of liability and damages. The session, and a subsequent mediator's recommendation, resulted in an agreement in principle to settle the Action for $3,750,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary stipulation and agreement of settlement and related papers.

I.       This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

J.      Based upon their investigation, prosecution and mediation of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

K.      This Stipulation constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. The Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Plaintiffs in

4

good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1. As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a) "Action" means the consolidated securities class action in the matter styled *Bush v. Blink Charging Co. et al.*, No. 1:20-cv-23527, and includes all actions consolidated therein.

(b) "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(c) "Blink" means Blink Charging Co.

(d) "Blink Securities" means Blink common stock.

(e) "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(f) "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Settlement Class Member

5

must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

(g)     "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(h)     "Claims Administrator" means the firm retained by Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(i)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)     "Complaint" means the Consolidated Amended Complaint for Violation of the Federal Securities Laws in the Action on February 19, 2021 at ECF No. 40.

(k)     "Court" means the United States District Court for the Southern District of Florida.

(l)     "Defendants" means the Individual Defendants and Blink.

(m)     "Defendants' Counsel" means Holland & Knight LLP.

(n)     "Defendants' Releasees" means all Defendants and any Persons or entities affiliated or connected with any of them, including all of their respective current and former officers, directors, employees, consultants, accountants, attorneys, affiliated persons and entities, sponsors, parents, subsidiaries, beneficiaries, heirs, successors, predecessors, assigns, agents, auditors, immediate family members, general partners, limited partners, principals, shareholders, joint venturers, members, managers, managing directors, supervisors, contractors, experts, financial advisors, professional advisors, investment bankers, representatives, insurers, reinsurers,

6

trustees, trustors, attorneys, legal representatives, professionals, executors, and administrators, and any controlling person thereof, all in their capacities as such.

(o) "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 31 of this Stipulation have been met and have occurred or have been waived.

(p) "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(q) "Escrow Agent" means The Huntington National Bank.

(r) "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(s) "Excluded Claims" means (i) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court; and (ii) any claims relating to enforcement of the Settlement.

(t) "Final," with respect to the Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, i.e., thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following

review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, expenses, or awards to Plaintiffs or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(u)     "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(v)     "Individual Defendants" means Michael D. Farkas, and Michael P. Rama.

(w)     "Judgment" means the [Proposed] Order and Final Judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(x)     "Lead Counsel" means Pomerantz LLP and Hagens Berman Sobol Shapiro LLP.

(y)     "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(z)     "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any awards to Plaintiffs approved by the Court.

(aa)     "Notice" means the Notice of Pendency and Proposed Settlement of Class Action substantially in the form attached hereto as Exhibit 1 to Exhibit A, which shall be made available online at a website maintained by the Claims Administrator or mailed to Settlement Class Members upon request.

(bb)   "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(cc)   "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

(dd)   "Person" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(ee)   "Plaintiffs" means Lead Plaintiffs Tianyou Wu, Alexander Yu, and H. Marc Joseph.

(ff)   "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action, including Buckner + Miles ("Liaison Counsel"), Labaton Keller Sucharow LLP, and Shepherd Finkelman Miller & Shah LLP.

(gg)   "Plaintiffs' Releasees" means (i) Plaintiffs, all other plaintiffs in the Action, their respective attorneys, including Plaintiffs' Counsel, and all other Settlement Class Members, and (ii) each of their respective Immediate Family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors,

9

accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, legal representatives, professionals, predecessors, successors, assigns, heirs, executors, administrators, affiliated persons and entities, sponsors, parents, subsidiaries, beneficiaries, and any controlling person thereof, all in their capacities as such.

(hh)   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(ii)   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(jj)   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 and 15 U.S.C. § 77z-1, as amended.

(kk)   "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(ll)   "Released Plaintiffs' Claims" means upon final judicial approval of the Settlement, Defendants and Defendants' Releasees shall receive a full, unconditional release from Plaintiffs and all members of the Settlement Class for any and all claims, liabilities, demands, damages, losses, or causes of action, based upon, related to, or arising out of any claims, allegations, representations, omissions, or other matters that are or could have been the subject of the Action, whether known or Unknown Claims (as defined below), relating to the purchase, acquisition, sale, disposition or holding of Blink securities during the Settlement Class Period.  For avoidance of doubt, "Released Plaintiffs' Claims" do not include claims asserted derivatively on behalf of the Company in *Klein v. Farkas, et al.*, No. 20-19815CA01 (Fla. Cir. Ct.).

(mm)   "Released Defendants' Claims" means upon final judicial approval of the Settlement, Plaintiffs and Plaintiffs' Releasees shall receive a full, unconditional release from Defendants and all members of the Settlement Class for any and all claims, liabilities, demands, damages, losses, or causes of action, based upon, related to, or arising out of any claims, allegations, representations, omissions, or other matters that are or could have been the subject of the Action, whether known or Unknown Claims (as defined below), relating to the purchase, acquisition, sale, disposition or holding of Blink securities during the Settlement Class Period.

(nn)   "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(oo)   "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(pp)   "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(qq)   "Settlement Amount" means $3,750,000 in cash.

(rr)   "Settlement Class" means all Persons and entities that purchased or otherwise acquired Blink securities between March 6, 2020 and August 19, 2020, inclusive (the "Settlement Class Period"), and were damaged thereby. Excluded from the Settlement Class are Defendants, the officers and directors of Blink, at all relevant times, members of their Immediate Family and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded are any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set by the Court.

(ss)   "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

11

(tt)    "Settlement Class Period" means the period between March 6, 2020 and August 19, 2020, inclusive.

(uu)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(vv)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(ww)    "Summary Notice" means the Summary Notice, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(xx)    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(yy)    "Unknown Claims": The Released Claims shall include claims that Plaintiffs and all members of the Settlement Class do not know or suspect to exist at the time of the release, which, if known, might have affected the decision to enter into the release or to object or not to object to the Settlement ("Unknown Claims"). Plaintiffs and members of the Settlement Class shall be deemed to waive, and shall waive and relinquish to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, which governs or limits a person's release of Unknown Claims; further, with respect to any and all of the Released Claims, including any and all Unknown Claims, that (i) Plaintiffs and members of the Settlement Class

12

shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;

(ii) Plaintiffs and members of the Settlement Class also shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542; and (iii) Plaintiffs, on behalf of the Settlement Class, acknowledge that members of the Settlement Class may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is the intention of Plaintiffs, on behalf of the Settlement Class, to fully, finally, and forever settle and release with prejudice any and all Released Claims, including any and all Unknown Claims, hereby known or unknown, suspected, or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. Plaintiffs acknowledge, and the Members of the Settlement Class shall be deemed by operation of the entry of a final order and judgment approving the Settlement to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## **CLASS CERTIFICATION**

2.      Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3)

13

of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

**PRELIMINARY APPROVAL OF SETTLEMENT**

3. Promptly upon execution of this Stipulation, Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

**RELEASE OF CLAIMS**

4. The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5. Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other Person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees, and shall

14

forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees. This release shall not apply to any Excluded Claim.

6.       Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.       Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, shall bar: (i) any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment; or (ii) claims asserted derivatively on behalf of the Company in *Klein v. Farkas, et al.*, No. 20-19815CA01 (Fla. Cir. Ct.).

## **THE SETTLEMENT CONSIDERATION**

8.       In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, the Defendants agree to cause the payment of three million, seven hundred fifty thousand U.S. Dollars ($3,750,000.000) to be paid into the Escrow Account no later than fifteen (15) business days after: (a) the date of entry by the Court of an order preliminarily approving this Settlement; and (b) Defendants' Counsel's receipt from Lead Counsel of: (i) the information necessary to effectuate a transfer of funds to the Escrow Account

by check or wire transfer, including any applicable wiring instructions that include the bank name and ABA routing number, account name and number; and (ii) a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

## USE OF SETTLEMENT FUND

9.  The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any attorneys' fees and Litigation Expenses awarded by the Court; (d) any reimbursement of Plaintiffs' costs and expenses awarded by the Court; and (e) any awards to Plaintiffs approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-29 below.

10.  Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury bills, a U.S. Treasury Fund, or a bank account that is either: (a) fully insured by the Federal Deposit Insurance Corporation; or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

13.     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable not to exceed $150,000 before the Effective Date. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

**ATTORNEYS' FEES, LITIGATION EXPENSES, AND PLAINTIFF AWARDS**

15.     Lead Counsel will apply to the Court for a collective award of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund.

18

Lead Counsel's request for reimbursement of Litigation Expenses shall not exceed $185,000 plus interest. Lead Counsel may also apply for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class in an aggregate amount not to exceed $9,000, pursuant to the PSLRA, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

16.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel no later than five (5) business days after final approval by the Court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees, Litigation Expenses, and/or awards to Plaintiffs is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees, Litigation Expenses, and/or awards to Plaintiffs.

17.    Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.    As part of the Preliminary Approval Order, Plaintiffs shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms. To assist in dissemination of notice, Blink will cooperate in obtaining from Blink's transfer records information concerning the identity of Settlement Class Members, including any names and addresses of Settlement Class Members and nominees or custodians that exists in such transfer records ("Settlement Class Information"). Provided, however, that nothing herein shall require Blink to make efforts to identify Settlement Class Members other than record holders. Blink shall provide, or cause to be provided, to Lead

Counsel or the Claims Administrator, at no cost to Plaintiffs, within ten (10) days after the execution of this Stipulation and Agreement of Settlement, transfer records in electronic searchable form, such as Excel, containing the Settlement Class Information. The Parties acknowledge that any information provided to Lead Counsel by Blink pursuant to this Paragraph shall be treated as confidential and will be used by Lead Counsel solely to deliver the Notice and/or implement the Settlement, including the Plan of Allocation.

19.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail or email the Notice to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to: (a) post downloadable copies of the Notice and Claim Form online at www.strategicclaims.net/blink/; and (b) have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

20.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

21.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.

21

Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

22.     Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

23.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

24.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents

22

as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing,

23

all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)   If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

25.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

26.   Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; and (b) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

27.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

28.    Plaintiffs and Defendants, and their respective counsel, Plaintiffs' damages expert, the Claims Administrator and/or any other agent designated by Lead Counsel, the Releasees and/or their respective counsel, shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court, or the determination, administration, calculation, or payment of any claim by the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

29.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

**TERMS OF THE JUDGMENT**

30.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

**CONDITIONS OF SETTLEMENT AND EFFECT OF
DISAPPROVAL, CANCELLATION OR TERMINATION**

31.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 34 below);

(d)     Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final.

32.     Upon the occurrence of all of the events referenced in ¶ 31 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

26

33. If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a) The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b) Plaintiffs and Defendants shall revert to their respective positions in the Action as of April 26, 2024.

(c) The terms and provisions of this Stipulation, with the exception of this ¶ 33 and ¶¶ 14, 16, 35 and 55, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d) Within seven (7) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing, shall be refunded by the Escrow Agent to Defendants' Counsel (or such other persons or entities as Defendants' Counsel may direct).

34. Defendants, provided they unanimously agree, shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with Plaintiffs (the "Supplemental Agreement"), in accordance with the

terms of that agreement (the "Supplemental Termination Option"). The Supplemental Agreement, which is being executed concurrently herewith, is confidential and shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) or to any person other than the named Parties and their representatives unless and until the Court otherwise directs or a dispute arises between Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

## NO ADMISSION OF WRONGDOING

35.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

28

(b)      shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

36.      All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

37.      Defendants warrant that, as to the payments made or to be made on their behalf, at the time of entering into this Stipulation and at the time of such payment, to their knowledge any persons or entities making or contributing to the payment of the Settlement Amount were not insolvent, nor will the payment required to be made by or on behalf of Defendants render any such

29

persons or entities insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.

38.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 33 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 33.

39.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. Accordingly, Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Jed Melnick. Esq., and reflect the Settlement that was reached

30

voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

40.     Plaintiffs and their counsel and Defendants and their counsel, while retaining their right to deny that the claims asserted in the Action were meritorious, in any statement made on a website, social media, to the public, or to any media representative (whether or not for attribution) will not assert that the Action was commenced, prosecuted, defended, or resolved in bad faith. In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of sanctionable or actionable conduct by either Party concerning the commencement, prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

In #40, how about expanding the non-disparagement to include statements made, for example, on their websites, social media, or frankly, on any forum? As currently written, it only prohibits them from making statements to a media representative.

41.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

42.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

43.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or

31

such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

44. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

45. This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

46. This Stipulation may be executed in one or more counterparts, including by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

47. This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

48. The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of Florida without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

49. Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in this Court.

50. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of

the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

51.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

52.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

53.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.

54.    Except as otherwise provided herein, each Party shall bear its own costs.

55.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential except as required by applicable law.

56.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

57.     Defendants shall be responsible for timely service of any notices that might be required pursuant to the Class Action Fairness Act of 1995, 28 U.S.C. § 1715 ("CAFA"). Defendants shall notify Lead Counsel as to the completion of any CAFA notice. Defendants shall bear all cost and expenses associated with providing CAFA notice.

58.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of June 28, 2024.

**SIGNED:**

**HAGENS BERMAN SOBOL SHAPIRO LLP**

**By**: */s/ Reed R. Kathrein*
Reed R. Kathrein (262161)
Lucas E. Gilmore (admitted *Pro Hac Vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
*reed@hbsslaw.com*
*lucasg@hbsslaw.com*

*Co-Lead Counsel for the Class*

**POMERANTZ LLP**

**By**: */s/ Brenda Szydlo*
Jeremy A. Lieberman
Brenda Szydlo (admitted *Pro Hac Vice*)
Villi Shteyn (admitted *Pro Hac Vice*)

**HOLLAND & KNIGHT LLP**

**By**: */s/ Stephen P. Warren*
Tracy A. Nichols (FBN 454567)
Stephen P. Warren (FBN 788171)
Allison Kernisky (FBN 41160)
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 374-8500
*tracy.nichols@hklaw.com*
*stephen.warren@hklaw.com*
*allison.kernisky@hklaw.com*

*Counsel for Defendants Blink Charging Co., Michael D. Farkas, and Michael P. Rama*

**LABATON SUCHAROW LLP**

Carol C. Villegas

Dean Ferrogari (admitted *Pro Hac Vice*)
600 Third Avenue, 20th Floor
New York, NY  10016
Telephone: (212) 661-1100
*jalieberman@pomlaw.com*
*bszydlo@pomlaw.com*
*vshteyn@pomlaw.com*
*dferrogari@pomlaw.com*

*Co-Lead Counsel for the Class*

**BUCKNER + MILES**
David M. Buckner (60550)
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
*david@bucknermiles.com*

*Liaison Counsel for Co-Lead Plaintiffs*

David J. Schwartz
140 Broadway
New York, NY 10005
Telephone: (212) 907-0870
*cvillegas@labaton.com*
*dschwartz@labaton.com*

*Additional Counsel for Lead Plaintiff Tianyou Wu*

**SHEPHERD FINKELMAN MILLER & SHAH LLP**
Jayne A. Goldstein
1625 N. Commerce Parkway, Suite 320
Ft. Lauderdale, FL  33326
Telephone: (954) 515-0123
*jgoldstein@sfmlaw.com*

*Additional Counsel for Lead Plaintiff Tianyou Wu*

35