# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

No. 20-23527-civ-WILLIAMS/TORRES

RICHARD M. BUSH, Individually and
On Behalf of All Others Similarly Situated,

      Plaintiff,

v.

BLINK CHARGING COMPANY, MICHAEL
D. FARKAS, and MICHAEL P. RAMA,

      Defendants.

                                 /

**DECLARATION OF BRENDA SZYDLO ON BEHALF OF POMERANTZ LLP**
**CONCERNING ATTORNEYS' FEES AND EXPENSES**

I, Brenda Szydlo, declare as follows:

      1.      I am an attorney admitted to practice *pro hac vice* in this Court and a Partner at Pomerantz LLP ("Pomerantz"), Co-Lead Counsel for Co-Lead Plaintiffs Tianyou Wu, Alexander Wu, and H. Marc Joseph ("Lead Plaintiffs") in the above-captioned action (the "Action").[1] I submit this declaration in support of Plaintiffs' Counsel's application for an award of attorneys' fees in connection with services rendered in the Action, as well as for reimbursement of litigation expenses incurred in connection with the Action. I have personal knowledge of the facts set forth herein and, if called upon, could and would testify thereto.

      2.      Pomerantz, as Co-Lead Counsel, was involved in all aspects of the Action and its settlement, as more fully explained in the Joint Declaration of Brenda Szydlo and Reed R. Kathrein in Support of: (I) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Plaintiffs' Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Compensatory Awards to Plaintiffs, dated September 18, 2024 ("Joint Decl.").

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation and Agreement of Settlement dated June 28, 2024 (the "Stipulation"). ECF No. 94-2.

3.      The schedule attached hereto as Exhibit A is a detailed summary indicating the amount of time spent by attorneys of my firm who, from inception of the Action through and including September 10, 2024, billed ten or more hours to the Action, and the lodestar calculation for those individuals based on my firm's billing rates for 2024. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm.

4.      I am the partner who oversaw or conducted the day-to-day activities in the Action. I believe that the time of the Pomerantz attorneys reflected in Exhibit A was reasonable and necessary for the effective and efficient prosecution and resolution of the Action. No time expended on the application for fees and reimbursement of expenses has been included.

5.      The hourly rates for the attorneys of my firm included in Exhibit A hereto are consistent with the rates approved by courts in other securities or shareholder litigation when conducting a lodestar cross-check.[2]

6.      The total number of hours reflected in Exhibit A hereto is 1,025.42 hours. The total lodestar reflected in Exhibit A hereto is $738,981.00.

7.      My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately, and such charges are not duplicated in my firm's billing rates.

8.      As detailed in Exhibit B hereto, my firm is seeking reimbursement of a total of $33,659.42 in expenses incurred in connection with the prosecution of this Action. These expenses include the cost of traveling to the final approval hearing.

9.      The litigation expenses incurred in the Action are reflected on the books and records of my firm. Pomerantz prepares these books and records in the normal course of business from expense vouchers, check records, and financial statements. To the best of my knowledge, the expenses reflected in Exhibit B are an accurate record of the expenses incurred in the prosecution of this Action. Such expenses consist primarily of necessary expert fees, investigation expenses, research costs, travel expenses, press releases and newswires, and mediator fees.

---

[2] *See* Joint Decl. Ex. 8 (Table of Peer Law Firm Billing Rates).

I declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed on this, the 18th day of September 2024, at New York, New York.

*/s/ Brenda Szydlo*
Brenda Szydlo

**EXHIBIT A**

**Case No. 20-23527-civ-WILLIAMS/TORRES**

**Pomerantz LLP**

**LODESTAR REPORT**
**FROM INCEPTION THROUGH SEPTEMBER 10, 2024**

| TIMEKEEPER | STATUS | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| **ATTORNEYS:** | | | | |
| Brenda Szydlo | Partner | 410.50 | $1000 | $410,500.00 |
| Villi Shteyn | Associate | 402.40 | $550 | $221,320.00 |
| Dean P. Ferrogari | Associate | 194.50 | $500 | $97,250.00 |
| James LoPiano | Associate | 18.02 | $550 | $9,911.00 |
| **TOTAL LODESTAR:** | | **1,025.42** | | **$738,981.00** |

4

**EXHIBIT B**

**Case No. 20-23527-civ-WILLIAMS/TORRES**

**Pomerantz LLP**

**EXPENSE REPORT**
**FROM INCEPTION THROUGH SEPTEMBER 10, 2024**

| ITEM | AMOUNT |
|---|---|
| Filing Fees | $200.00 |
| Computer Research | $1,054.64 |
| Expert Fees | $7,977.00 |
| Investigator Fees | $10,347.35 |
| Meal Expenses | $63.82 |
| Mediator Fees | $8,087.13 |
| Overtime Clerical | $372.18 |
| Photocopy Charges | $29.30 |
| Postage and Overnight Mail | $78.90 |
| Press Releases and Newswires | $4,037.30 |
| Travel | $1,411.80 |
| **GRAND TOTAL:** | **$33,659.42** |

5