**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

No. 20-23527-civ-WILLIAMS/TORRES

RICHARD M. BUSH, Individually and
On Behalf of All Others Similarly Situated,

       Plaintiff,

v.

BLINK CHARGING COMPANY, MICHAEL
D. FARKAS, and MICHAEL P. RAMA,

       Defendants.

                                          /

**REPLY MEMORANDUM IN FURTHER SUPPORT OF: (I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) PLAINTIFFS' COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS**

**POMERANTZ LLP**
Jeremy A. Lieberman
Brenda Szydlo (admitted *pro hac vice*)
Villi Shteyn (admitted *pro hac vice*)
Dean Ferrogari (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
bszydlo@pomlaw.com
vshteyn@pomlaw.com
dferrogari@pomlaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Reed R. Kathrein (262161)
Lucas E. Gilmore (admitted *pro hac vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
reed@hbsslaw.com
lucasg@hbsslaw.com

Peter A. Shaeffer (admitted *pro hac vice*)
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
petersh@hbsslaw.com

*Co-Lead Counsel for Plaintiffs and the Class*
[*Additional counsel on signature page*]

Lead Plaintiffs Tianyou Wu, Alexander Yu, and H. Marc Joseph (collectively, "Plaintiffs"), on behalf of themselves and the proposed Settlement Class, respectfully submit this reply memorandum in further support of: (i) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 98); and (ii) Plaintiffs' Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Compensatory Awards to Plaintiffs (ECF No. 99).[1]

## I.      PRELIMINARY STATEMENT

Pursuant to the Court's July 9, 2024 Order preliminarily approving settlement and providing for notice (ECF No. 95, the "Preliminary Approval Order"), approximately 193,860 copies of the Court-approved Notice and Claim Form were disseminated to potential Settlement Class Members and the largest brokerage firms, banks, institutions, and other nominees.[2] In addition, the Court-appointed Claims Administrator, Strategic Claims Services, Inc. ("SCS"), caused: (i) the Summary Notice to be published in *Investor's Business Daily* and transmitted over *PR Newswire* on August 19, 2024,[3] and (ii) the Notice, Claim Form, Stipulation, and Preliminary Approval Order to be posted on the Settlement Website (www.strategicclaims.net/Blink). *See* September Bravata Decl., ¶11. The Notice, Summary Notice, and Settlement Website informed Settlement Class Members of the October 2, 2024 deadline to (i) submit an objection to the Settlement, Plan of Allocation, and/or request for attorneys' fees, reimbursement of litigation expenses, and/or compensatory awards to Plaintiffs, or (ii) request exclusion from the Settlement Class. *See id.* ¶¶12-13.

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated June 28, 2024 (the "Stipulation") (ECF No. 94-2), or in the Joint Declaration of Brenda Szydlo and Reed R. Kathrein in Support of (I) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Plaintiffs' Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Compensatory Awards to Plaintiffs (ECF No. 98-1). Unless otherwise indicated, all emphasis is added and quotations and citations are omitted.

[2] *See* Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing of the Notice and Claim Form; (B) Report on Requests for Exclusion and Objections; and (C) Claims Received to Date (the "October Bravata Decl.") (attached as Exhibit 1 hereto), ¶¶3-4.

[3] *See* Declaration of Josephine Bravata Concerning: (A) Mailing of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections (the "September Bravata Decl.") (ECF No. 98-2), ¶9.

On September 18, 2024, Plaintiffs and Plaintiffs' Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and request for attorneys' fees, reimbursement of litigation expenses, and compensatory awards to Plaintiffs. The motions are supported by the declarations of Plaintiffs, Plaintiffs' Counsel, and the Claims Administrator. These papers are available on the public docket. *See* ECF Nos. 98—99-10.

Following this extensive notice process, **no** Settlement Class Member has objected to the Settlement, the Plan of Allocation, or Plaintiffs' Counsel's application for attorneys' fees, reimbursement of litigation expenses, or compensatory awards to Plaintiffs. *See* October Bravata Decl., ¶9. Moreover, SCS has only received three requests for exclusion, one of which is invalid because it was submitted by an individual who is not a Settlement Class Member. *Id.* ¶8. The absence of any objections and the small number of opt-outs by Settlement Class Members provides strong evidence of the fairness and reasonableness of the proposed Settlement, Plan of Allocation, and requests for attorneys' fees, reimbursement of litigation expenses, and compensatory awards to Plaintiffs. *Access Now, Inc. v. Claire's Stores, Inc.*, 2002 WL 1162422, at *7 (S.D. Fla. May 7, 2002) ("The fact that no objections have been filed strongly favors approval of the settlement."); *In re Catalina Mktg. Corp. Sec. Litig.*, 2007 WL 9723529, at *1 (M.D. Fla. July 9, 2007) (finding that no objections supports approval of the plan of allocation); *Ressler v. Jacobson*, 149 F.R.D. 651, 657 (M.D. Fla. Dec. 15, 1992) ("The fact that there are no objections to either the Settlement or to Petitioners' request for attorney's fees is strong evidence of the propriety and acceptability of that request.").

For all the reasons set forth herein, and in the opening papers filed with the Court on September 18, 2024, Plaintiffs and their counsel respectfully request that the Court approve the Settlement, Plan of Allocation, request for attorneys' fees, reimbursement of litigation expenses, and compensatory awards to Plaintiffs.

II.     ARGUMENT

    A.     **The Positive Reaction of the Settlement Class Supports Approval of the Settlement and Plan of Allocation**

The reaction of a class to a settlement is "an important factor" in assessing the settlement's fairness and adequacy. *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1324 (S.D. Fla. 2005) (finding that a "low percentage of objections points to the reasonableness of a proposed settlement and supports its approval"). Here, there were no objections and only three requests for exclusion.

Moreover, one of the exclusion requests is invalid because the individual submitting the request is not a Settlement Class Member. The individual sold his shares prior to the August 19, 2020 corrective disclosure date and, thus, was not damaged by the allegedly wrongful conduct. *See In re 3D Sys. Sec. Litig.*, 2024 WL 50909, at *5 n.8 (E.D.N.Y. Jan. 4, 2024) (noting that exclusion requests were invalid where the individuals had "no recognized losses" and therefore did not qualify as settlement class members); *see also* Stipulation (ECF No. 94-2), ¶¶1(rr), 1(ss). The lack of any objections and small number of requests for exclusion weighs heavily in favor of the Court approving the Settlement. *See, e.g.*, *Burrow v. Forjas Taurus S.A.*, 2019 WL 4247284, at *30 (S.D. Fla. Sept. 6, 2019) ("low opt-out and objection rates weigh[ed] in favor of granting final approval" of the settlement); *Ellen Berman & Dayana Guach v. General Motors LLC*, 2019 WL 6163798, at *6 (S.D. Fla. Nov. 18, 2019) (same); *Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1252 (S.D. Fla. 2016) ("In a class of hundreds of thousands, the low number of opt-outs and objections reflects the Class' overall satisfaction with the Settlement.").

In addition, there has not been a single objection to the Plan of Allocation. *See* October Bravata Decl., ¶9. This reaction supports approval of the Plan of Allocation. *See In re Catalina Mktg. Corp. Sec. Litig.*, 2007 WL 9723529, at *1 (finding the plan of allocation fair, reasonable, and adequate and noting that "no class member [] objected to the settlement amount or plan of allocation."); *In re Rayonier Inc. Sec. Litig.*, 2017 WL 4535984, at *1 (M.D. Fla. Oct. 5, 2017) (approving plan of allocation where no objections to the plan were submitted); *In re Flowers Foods, Inc. Sec. Litig.*, 2019 WL 6827291, at *1 (M.D. Ga. Dec. 11, 2019) (approving plan of allocation where "[t]he Notice, which included the Plan of Allocation, was available to potential Settlement Class Members and nominees on the settlement website and no objections to the proposed plan were submitted.").

**B.** **The Settlement Class's Reaction Supports Approval of the Requests for Attorneys' Fees, Reimbursement of Litigation Expenses, and Compensatory Awards to Plaintiffs**

The absence of any objections to Plaintiffs' Counsel's application for an award of attorneys' fees, reimbursement of litigation expenses, and compensatory awards to Plaintiffs,[4]

---

[4] The request that Plaintiffs be reimbursed for the costs incurred as a direct result of their representation of the Settlement Class is expressly authorized by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The fact that the Plaintiff awards requested here are

supports a finding that the request is fair, reasonable, and adequate. *See Rodriguez v. Alfi, Inc.*, 2024 WL 1091798, at *1-2 (S.D. Fla. Mar. 11, 2024) (Williams, J.) (awarding 33⅓% of $1.725 million settlement fund in attorneys' fees, reimbursement of $102,597.91 in expenses, and $4,500 (or $1,500 each) in PSLRA awards); *Pritchard v. APYX Medical Corp.*, 2020 WL 6937821, at *1 (awarding 33⅓% of $3 million settlement fund in attorneys' fees, reimbursement of expenses, and PSLRA awards where there were no objections); *Health Ins. Innovations*, 2021 WL 1341881, at *13 (finding "lack of objections" supported award of 33% of $2.8 million settlement fund as attorneys' fees, expenses of approximately $245,631, and "$3,125 to [Lead Plaintiff to] compensate him for the time he incurred in his role as Lead Plaintiff and proposed class representative pursuant to the PSLRA.").[5]

## III.    CONCLUSION

Based on the foregoing, and for the additional reasons set forth in the opening papers, Plaintiffs and their counsel respectfully request that the Court: (i) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; (ii) award attorneys' fees to Plaintiffs' Counsel in the amount of 33.4% of the Settlement Fund (plus any interest earned on this amount at the same rate and for the same period as earned by the Settlement Fund ), as well as expenses in the amount of $141,162.89 (plus any interest earned on this amount at the same rate and for the same period as earned by the Settlement Fund); and (iii) grant PSLRA awards in the aggregate amount of $9,000 ($3,000 to each of the three Co-Lead Plaintiffs). The [Proposed] Order and Final Judgment approving the Settlement was previously filed with the Court. ECF No. 94-7. The proposed orders approving the (i) Plan of Allocation; and

---

specifically allowed by federal statute differentiates them from the "incentive payments" that the Eleventh Circuit recently held were forbidden in certain class actions. *Compare Dickenson v. NPAS Sols.*, LLC, 975 F.3d 1244, 1260 (11th Cir. 2020) ("If either the Rules Committee or Congress doesn't like the result we've reached, they are free to amend Rule 23 or to provide for incentive awards by statute."), *cert. denied sub nom. Johnson v. Dickenson*, 143 S. Ct. 1745 (2023), *and cert. denied sub nom. Dickenson v. Johnson*, 143 S. Ct. 1746 (2023); with *Pritchard v. APYX Med. Corp.*, 2020 WL 6937821, at *2 (M.D. Fla. Nov. 18, 2020) (granting PSLRA award following *Johnson* decision), and *In re Health Ins. Innovations Sec. Litig.*, 2021 WL 1341881, at *13 (M.D. Fla. Mar. 23, 2021) (same).

[5] *See also In re Flowers Foods, Inc. Sec. Litig.*, 2019 WL 6771749, at *1-*2 (M.D. Ga. Dec. 11, 2019) (awarding 33⅓% of $21 million settlement fund in attorneys' fees, reimbursement of expenses and PSLRA awards to Plaintiffs where there were no objections); *Thorpe v. Walter Inv. Mgmt. Corp.*, 2016 WL 10518902, at *12 (S.D. Fla. Oct. 17, 2016) (awarding $15,000 to each class representative as "fair and reasonable").

(ii) awarding attorneys' fees, reimbursement of litigation expenses, and compensatory awards to Plaintiffs are attached hereto as Exhibits 2 and 3, respectively.

Dated: October 14, 2024

Respectfully submitted,

**BUCKNER + MILES**

By: */s/ David M. Buckner*
David M. Buckner (60550)
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 964-8003
david@bucknermiles.com

*Liaison Counsel for Lead Plaintiffs and the Class*

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: */s/ Reed R. Kathrein*
Reed R. Kathrein (262161)
Lucas E. Gilmore (admitted *pro hac vice*)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
reed@hbsslaw.com
lucasg@hbsslaw.com

Peter A. Shaeffer (admitted *pro hac vice*)
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
petersh@hbsslaw.com

*Co-Lead Counsel for Plaintiffs and the Class*

**POMERANTZ LLP**

By: */s/ Brenda Szydlo*
Jeremy A. Lieberman
Brenda Szydlo (admitted *pro hac vice*)
Villi Shteyn (admitted *pro hac vice*)
Dean P. Ferrogari (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
bszydlo@pomlaw.com
vshteyn@pomlaw.com
dferrogari@pomlaw.com

*Co-Lead Counsel for Plaintiff and the Class*

**LABATON SUCHAROW LLP**

Carol C. Villegas
David J. Schwartz
140 Broadway
New York, NY 10005
Telephone: (212) 907-0870
cvillegas@labaton.com
dschwartz@labaton.com

*Additional Counsel for Lead Plaintiff Tianyou Wu*

**SHEPHERD FINKELMAN MILLER & SHAH LLP**

Jayne A. Goldstein
1625 N. Commerce Parkway, Suite 320
Ft. Lauderdale, FL 33326
Telephone: (954) 515-0123
jgoldstein@sfmlaw.com

*Additional Counsel for Lead Plaintiff Tianyou Wu*

## Certificate of Service

I HEREBY CERTIFY that I have caused the foregoing to be filed through the CM/ECF system with the Clerk of the Court on this 14th day of October, 2024, and served thereby on all persons authorized to receive notices via the CM/ECF system.

*/s/David Buckner*
David M. Buckner, Esq.
