**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-23527-CV-WILLIAMS**

RICHARD M. BUSH, Individually and
On Behalf of All Others Similarly Situated,

     Plaintiff,

v.

BLINK CHARGING COMPANY, MICHAEL
D. FARKAS, and MICHAEL P. RAMA,

     Defendants.

                        /

## <u>ORDER AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS</u>

**THIS MATTER** is before the Court following the October 21, 2024 Class Action Settlement Hearing (the "***Settlement Hearing***") on Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Compensatory Awards to Plaintiffs (DE 99) ("***Motion***"). Upon review of the Motion, and for the reasons discussed on the record at the Settlement Hearing, it is **ORDERED AND ADJUDGED** as follows:

1.     This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 28, 2024 (the "***Stipulation***") (DE 94-2) and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.     The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3.     Notice of Plaintiffs' Counsel's motion for an award of attorneys' fees, reimbursement of litigation expenses, and compensatory awards to Plaintiffs was given

to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees, expenses, and compensatory awards satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §§ 77z-1(a)(7), 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 33.4% of the Settlement Fund and $141,162.89 in reimbursement of Plaintiffs' Counsel's litigation expenses, plus any interest earned on these amounts at the same rate as earned by the Settlement Fund, which fees and expenses shall be paid from the Settlement Fund. The Court finds these sums to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.

5.      In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)      The Settlement has created a fund of $3.75 million in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b)      Copies of the Notice and Claim Form were timely mailed, or a link to the Notice and Claim Form was emailed, to over 193,860 potential Settlement Class

Members and nominees stating that Plaintiffs' Counsel would apply for attorneys' fees in an amount not to exceed 33.4% (plus interest) of the Settlement Fund and reimbursement of litigation expenses in an amount not to exceed $185,000 (plus interest). There were no objections to the requested attorneys' fees and expenses;

(c)     Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)     The Action raised a number of complex issues;

(e)     Had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(f)     Plaintiffs' Counsel devoted 1,937.82 hours, with a lodestar value of approximately $1,364,065 to achieve the Settlement; and

(g)     The amount of attorneys' fees awarded and the expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.     Lead Plaintiff Tianyou Wu is hereby awarded $3,000 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class.

7.     Lead Plaintiff Alexander Yu is hereby awarded $3,000 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class.

8.      Lead Plaintiff H. Marc Joseph is hereby awarded $3,000 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class.

9.      Any appeal or challenge affecting this Court's approval regarding any attorneys' fees, litigation expenses, and/or compensatory award applications, shall in no way disturb or affect the finality of the Judgment.

10.     Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

11.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

12.     Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Compensatory Awards to Plaintiffs (DE 99) is **GRANTED**.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 21st day of October, 2024.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE